UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STEEL, PAPER, AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, | ) ) ) ) ) ) | |
| | ) | Civil Action No. 5: 13-240-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| JACKSON HOSPITAL CORPORATION, d/b/a KENTUCKY RIVER MEDICAL CENTER, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Jackson Hospital Corporation's

("Jackson Hospital") motion to dismiss.  [Record No. 20]  Jackson Hospital argues that this

action seeking to compel arbitration filed by Plaintiff United Steel, Paper, and Forestry, Rubber,

Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-

CLC, (hereafter "the Union") should be dismissed because the parties settled the dispute in a

prior agreement.  Alternatively, it argues that the Complaint should be dismissed because the

Union failed to exhaust its remedies under the collective bargaining agreement.  For the reasons

set forth below, the motion will be denied.

**I.**

This action arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The Union alleges that Jackson Hospital breached the parties' collective bargaining agreement by refusing to process the Union's grievance relating to seniority. [Record No. 1-2 (Grievance Record)] It seeks to compel arbitration of the grievance regarding seniority under the collective bargaining agreement. [Record No. 1]

The collective bargaining agreement contains a broad and detailed grievance procedure, as well as an arbitration procedure. [Record No. 1, pp. 3, 4; Record No. 21, p. 1] Under the agreement, an arbitrable grievance is defined as "a claim of an employee covered by the Agreement, the Union, or the Hospital, during the term of the Agreement, which involves the interpretation of, administration of, or compliance with a specific written provision of this Agreement." [Record No. 1-1, p. 9 (Article 7 — Grievance Procedure)] Grievances must be filed by completing a specified form, and any grievance involving ten or more employees — like the grievance here — involving precisely the same issues and circumstances must commence at the second step of the grievance procedure. [*Id.*, p. 11]

The grievance procedure has a maximum of three steps, not including arbitration. Upon receipt of a step-two grievance, the department head is directed to: "(i) confer with the Union, the supervisor and any other members of management considered appropriate, (ii) investigate the issues, and (iii) provide a proposed written resolution to the Union within five calendar days of the department head's receipt of the appeal or the grievance." [*Id.*, p. 12] If the Union is not satisfied with the resolution at step two, the Union may appeal to step three, where Jackson Hospital's CEO is directed to undertake the same three obligations of conferring, investigating,

and providing a proposed resolution. [*Id*.] "If no mutually satisfactory conclusion is reached at the conclusion of Step 3 of the Grievance Procedure, the Union shall give notice of its desire to arbitrate" to the American Arbitration Association and to the Employer. [*Id*., p. 13 (Article 8 — Arbitration)]

On March 18, 2013, the Union filed grievance number 14637-02-01-13, alleging that Jackson Hospital had violated the collective bargaining agreement by unilaterally changing covered employees' seniority dates in violation of Article 10 of the agreement. [Record No. 1, p. 4 ¶11] Jackson Hospital responded that the grievance would not be considered because it did not meet all of requirements of a properly-filed grievance under the agreement. [*Id*., ¶12] Thereafter, the Union filed this action to compel Jackson Hospital to arbitrate the grievance, which Jackson Hospital has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
*Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

## III.

### A.    Settlement

Jackson Hospital first argues that this matter should be dismissed because the parties previously settled the dispute and the Union agreed to withdraw its claims in a separate agreement. [Record No. 21, p. 6] But this under-developed argument is not supported by either the plain language of that agreement or the conduct of the parties.

The memorandum of agreement states in relevant part:

> The Union further agrees that any other litigation or claim, including but not limited to those filed with Federal Courts, *related to Paid Holidays, Article 20*[1],

---

[1]    There is a discrepancy between the article numbering in the memorandum of agreement and the collective bargaining agreement. In the memorandum, paid holidays are referenced as Article 20, while they appear at Article 14 in the collective bargaining agreement. [*Compare* Record No. 1-1 with Record No. 16-1.] The discrepancy occurred due to a re-ordering of the document that did not substantively affect the provisions of the agreement.

*Section 4*, shall be immediately withdrawn with prejudice with the appropriate Court or forum.

[Record No. 16-1 (emphasis added)]

The grievance at issue in this case refers to the seniority provisions contained in Article 10, not the provisions regarding paid holidays in Article 14 or Article 20. [Record No. 1-2] Specifically, the grievance the Union seeks to arbitrate states that the seniority date was changed in a way that was inconsistent with the intent of negotiations, in violation of Article 10 and any other applicable articles. [Record No. 1-2] Even if seniority is tangentially related to paid holidays — an argument Jackson Hospital does not make — the plain language of the memorandum of agreement does not support the argument that all claims related to seniority were previously settled.

Nor do the defendant's actions lend any support to this argument. The parties filed a joint status report, attaching the memorandum of agreement, on December 20, 2013. [Record No. 16] If either party intended the memorandum to act as a settlement of its claims, it should have (and presumably would have) so indicated at the time the agreement was reached and filed with the Court. Instead, the parties requested that the matter be stayed so that they could resolve the seniority dispute in informal negotiations. [*Id.*] Two months later, the parties jointly indicated that a settlement had not been reached, and requested that the stay be lifted so that the case could proceed. [Record No. 18, p. 1] In short, there is no indication that the parties settled, or intended to settle, the dispute related to seniority in Article 10 of the collective bargaining agreement. Thus, the plaintiff's Complaint is not subject to dismissal for this reason.

**B.      Procedural Arbitrability**

Jackson Hospital next argues that the Complaint should be dismissed because the Union

failed to exhaust its remedies pursuant to the collective bargaining agreement.  [Record No. 21,

p. 6]  Specifically, it contends that the Union did not follow the grievance and arbitration

procedure because it has not alleged that it sent a letter to the American Arbitration Association

or took the additional steps contained in Article 8.  [Record No. 21, p. 6]  The Union argues that

whether it complied with the terms of the grievance and arbitration procedure is an issue of

procedural arbitrability that is for the arbitrator to decide.

Any discussion regarding arbitrability begins with the line of cases commonly referred

to as the "Steelworkers Trilogy."  *See Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S.

564 (1960), *Steelworkers v. Am. Manufacturing Co.*, 363 U.S. 564 (1960), and *Steelworkers v.*

*Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960).  These cases establish that "a party cannot

be required to submit to arbitration any dispute which he has not agreed so to submit."  *Warrior*

*& Gulf*, 363 U.S. at 582.  The Labor-Management Relations Act "assigned the courts the duty

of determining whether a reluctant party has breached his promise to arbitrate."  *Atkinson v.*

*Sinclair Refining Co.,* 370 U.S. 238, 241 (1962).  "Whether . . . a company is bound to arbitrate,

as well as what issues it must arbitrate, is a matter to be determined by the court on the basis of

the contract entered into by the parties."  *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543,

547 (1964).  This limited determination is considered a question of substantive – as opposed to

procedural – arbitrability.  *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643 (U.S. 1986)

(the Court's role is limited to deciding whether the parties agreed to submit the subject matter

of the grievance to arbitration).

The Sixth Circuit has explained the difference between substantive and procedural arbitrability as follows:

> Whether a collective bargaining agreement commits a dispute to arbitration, the Supreme Court has held, is a question of arbitrability for the courts to decide. Whether the parties have complied with the procedural requirements for arbitrating the case, by contrast, is generally a question for the arbitrator to decide. If doubt exists over whether a dispute falls on one side or the other of this line, the presumption in favor of arbitrability makes the question one for the arbitrator.

*USW v. St. Gobain Ceramics & Plastics*, 505 F.3d 417, 419-20 (6th Cir. 2007) (internal citations and quotation marks omitted).

The issue of whether the Union complied with the procedure of the collective bargaining agreement is a question of procedural arbitrability. *See id.* at 419 (citing *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84-85 (2002) (procedural questions include "debates relating to whether the prerequisite steps of a grievance procedure have been followed"). This question is for the arbitrator, not the Court, to decide. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964) (arbitrator was the appropriate body to determine whether the union had followed grievance procedures); *Beer, Soft Drink & Helpers, Local Union No. 744 v. Metropolitan Distributors, Inc.,* 763 F.2d 300 (7th Cir. 1985) (issue of whether union waived its right to arbitration when its members pursued numerous administrative and judicial proceedings instead of resorting to the grievance procedures in the collective bargaining agreement was a question preserved for the arbitrator); *Niro v. Fearn Inter., Inc*., 827 F.2d 173 (7th Cir. 1987) (union's failure to pursue certain grievance procedures before seeking arbitration was a matter to be resolved by the arbitrator).

The cases cited by Jackson Hospital in support of dismissal are inapposite. Each involved parties to a collective bargaining agreement that sought to avoid arbitration rather than compel it. [*See* Record No. 21, pp. 7–8 (citing *United Ass'n of Journeyman & Apprentices of the Plumbing & Pipefitting Indus., Local No. 577 v. Ross Bros. Constr. Co.*, 191 F.3d 714 (6th Cir. Ohio 1999) and *Bhd. of Locomotive Firemen & Enginemen, Lodge 844 v. Kennecott Copper Corp.*, 338 F.2d 224 (10th Cir 1964), among others).] For example, in *Ross Brothers*, the Sixth Circuit upheld the dismissal of an employer's counterclaim because the employer failed to submit the dispute to arbitration remedies under the collective bargaining agreement and instead sought redress in federal court. *Ross Brothers*, 191 F.3d at 718. And the *Kennecott* court upheld the dismissal of a union's claim for declaratory and equitable relief for violations of the collective bargaining agreement because the union attempted to side-step the grievance and arbitration procedures. *Kennecott*, 338 F.2d at 226.

Here, the Union is not seeking to have its grievance settled in federal court; rather, it seeks to enforce the contractual remedies available to the parties under the collective bargaining agreement. Jackson Hospital does not argue that it is not a party to the collective bargaining agreement, or that the grievance is not covered by the collective bargaining agreement. The Union has successfully stated a claim that it has presented an arbitrable grievance. Accordingly, the Complaint is not subject to dismissal.

## IV.

The plain language of the prior agreement of the parties as well as the defendant's actions show that the parties did not previously settle the dispute at hand. Further, controlling authority

mandates that, in an action to compel arbitration, the Court's determination is limited to areas of substantive rather than procedural arbitrability.  Accordingly, it is hereby

**ORDERED** that Defendant Jackson Hospital's motion to dismiss [Record No. 20] is **DENIED**.

This 11th day of June, 2014.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**